# IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**RAMONIA ROBERTS, INDIVIDUALLY;**
**RAMONIA ROBERTS AS LEGAL GUARDIAN OF**
**CHASE ROBERTS, A MINOR; MAPLE BROWN,**
**INDIVIDUALLY; SANDRA OGLESBY AS LEGAL**
**GUARDIAN OF ZYRIEL ROBERTS AND AERIEL**
**ROBERTS, MINORS; AND NAKIMA EQINGS AS**
**LEGAL GUARDIAN OF CA-LIYAH BARBER, A MINOR**     **PLAINTIFFS**

**v.**                **No: 2:20-cv-00151 JM**

**21st CENTURY INSURANCE**                             **DEFENDANT**

### ORDER

This case involves the issue of insurance coverage following a vehicle accident that occurred on June 11, 2016 on Interstate 30 in Millington, Tennessee. Pending is Defendant's motion for summary judgment (Doc. No. 7), which is ripe for determination.

<u>Summary Judgment Standard</u>

Summary judgment is appropriate only when the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). "Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the

claims and defenses have no factual basis." *Celotex Corp.*, at 327.

Summary of Facts

The following facts are not in dispute.[1] Plaintiff Maple Brown ("Brown") was driving her 2003 Ford Windstar at the time of the accident and had one adult passenger, Ramonia Roberts ("Roberts"), and four minor passengers, Chase Roberts, Zyriel Roberts, Aeriel Roberts, and Ca-Liyah Barber. Everyone in the Windstar suffered injuries. The accident was caused by the negligence of the driver of the other vehicle, Nicole Kirkwood, whose insurance company, Farmers Insurance Company, Inc., tendered its policy limits of $50,000.[2]

Plaintiffs are seeking to recover underinsured motorist benefits under a policy issued by Defendant 21st Century Insurance to Roberts covering her 2000 Ford Explorer, which vehicle was not involved in the accident. The policy issued by Defendant to Roberts ("the policy") provided for underinsured motorist coverage in the amount of $100,000 per person/$300,000 per accident.

Roberts submitted claims for underinsurance coverage on the policy for herself and on behalf of her minor son, Chase Roberts. Defendant accepted these claims and paid the policy limits of $100,000 to Roberts in exchange for which she executed an underinsured motorist release of claims and rights. (Doc. No. 7-1). Roberts also agreed to release any further claims of Chase Roberts, for whom she is legal guardian, for $5,000, and she signed a release to that effect. (Doc. No. 7-2). Roberts was represented by counsel at the time she signed the two releases.

Additional claims were submitted to Defendant on behalf of the four other occupants of the Windstar. Defendant denied these claims on the basis that Brown and the three remaining

---

[1] As they are presented and argued otherwise, the Court is treating Plaintiffs' "Statement of Contested Facts" to be <u>un</u>contested and without genuine dispute as to paragraphs 1-9. (Docket No. 14).
[2] The proceeds were distributed as follows: Ramonia Roberts - $25,000; Maple Brown - $12,500; and $3,150 to each of the three minors.

minors do not qualify for underinsured motorist benefits under the policy issued to Roberts as they do not meet the policy definition of "insured." Plaintiffs filed suit for breach of contract, specific performance, and bad faith.

## The Policy Provisions

Part C of the policy outlines the underinsured motorist coverage and provides as follows:

> B. Subject to the Underinsured Motorists Bodily Injury Coverage limit of liability stated on your Declarations Page, if you pay the premium for Underinsured Motorists Bodily Injury Coverage, we will pay compensatory damages that an *insured* is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury if:
>
> 1. Sustained by an *insured*; and
> 2. Caused by an auto accident with an underinsured motor vehicle.

(Doc. No. 7-3, p. 15. Emphasis in original.[3]). The policy defines "insured" as: "(1) *You* or any *family member;* (2) Any other person *occupying your covered auto*; (3) Any person entitled to recover damages for bodily injury covered under Part C of this policy sustained by a person meeting the definition of insured in A.1.or 2. above." (*Id.* at 16). As used in the policy, "*you* and *your* refer to: (1) The "named insured" shown on the Declarations Page; and (2) The named insured's spouse if the spouse is a resident of the same household of the named insured during the policy period . . .." (*Id.* at p. 6). Finally, the policy defines "*family member*" as "a person related to you by:

> 1. Blood;
> 2. Marriage; and
> 3. Adoption;
>
> <u>and</u> who is a resident of *your* household. This includes a ward or foster child."

(*Id.* Underlined emphasis added.) According to the declarations page, the limits of

---

[3] In this and other quotes from the policy, not all emphasis contained in the original are included.

liability provided by the policy for underinsured motorist bodily injury is "$100,000/ $300,000 Per Person/ Accident." (*Id.* at 2). The policy explains this coverage as follows:

> If the limit of liability for Uninsured Motorists Coverage or Underinsured Motorists Coverage shown on your Declarations Page for a vehicle consists of one limit for each person for bodily injury and another limit for each accident for bodily injury, <u>the limit of liability shown for each person is the maximum we will pay for all damages arising out of bodily injury sustained by any one person</u> in any one accident.
>
> . . . .
>
> Subject to this limit of liability for each person, the limit of liability shown on your Declarations Page for each accident for Uninsured Motorists Coverage or Underinsured Motorists Coverage is the maximum we will pay for all damages resulting from any one auto accident.

(*Id*. at 18. Underlined emphasis added.).

## Discussion

Plaintiffs allege that by refusing to pay Roberts $300,000 for the accident, Defendant breached the terms of the policy, alleging that "the $300,000 is per occurrence including in this case multiple injured people." (Doc. No. 2, ¶ 25). While reciting that the underinsurance coverage was "$100,000/$300,000," Plaintiffs otherwise fail to acknowledge the plain language of the policy limiting the coverage to $100,000 to "any one person." Roberts's argument that she is entitled to recover under the $300,000 per occurrence for her own injuries is not supported by the plain language of the policy.

Furthermore, Roberts expressly released any claim for personal injuries arising out of the June 11, 2016 accident with the acceptance of the $100,000 in full satisfaction of any claims she might have under the policy. (Doc. No. 7-1). Likewise, any further claim of Chase Roberts for personal injury he may have sustained in the accident is foreclosed by Roberts's acceptance of $5,000 on his behalf in full satisfaction of any claims he might have under the policy. (Doc. No. 7-2). Defendant is entitled to summary

judgment on the claims of Ramonia Roberts individually and as legal guardian of Chase Roberts.

As to the remaining four individuals who were in the car with Roberts—Maple Brown, Zyriel Roberts, Aeriel Roberts, and Ca-Liyah Barber—Defendant asserts in its statement of facts that these individuals "do not meet the definition of an 'insured' as that term is defined in [the policy] and so do not qualify for underinsured motorist benefits under [the policy].  (Doc. No. 9, ¶ 10).  No evidence was submitted in support of this statement with the filing of the motion for summary judgment.  Plaintiffs responded to this purported statement of undisputed facts with their own conclusory statement of fact that these individuals "meet the definition of family and are entitled to recover under said policy."  (Doc. No. 14, ¶ 10).  To its reply, Defendant attached the affidavit of claims representative Jennifer Brooks. (Doc. No. 16-1).  This affidavit establishes that neither Maple Brown, Aeriel Roberts, Zyriel Roberts, or Ca-Liyah Barber reside in the household of Ramonia Roberts.  As such, they do not meet the definition of "insured" under the policy, and Defendant is entitled to summary judgment on these claims as well.

## Conclusion

Defendant's motion for summary judgment (Doc. No. 7) is GRANTED.  A separate judgment dismissing the complaint will be entered.

DATED this 7th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE